1  **LEWIS BRISBOIS BISGAARD & SMITH** LLP
   ESTHER P. HOLM, SB# 140279
2    E-Mail: Esther.Holm@lewisbrisbois.com
   RYAN J. ANDERSON, SB# 279471
3    E-Mail: Ryan.Anderson@lewisbrisbois.com
   650 Town Center Drive, Suite 1400
4  Costa Mesa, California 92626
   Telephone: 714.545.9200
5  Facsimile: 714.850.1030

6  Attorneys for Defendant, GREYHOUND
   LINES, INC.
7

8                 UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

10

11  DANIEL DELGADO,                      CASE NO. 5:20-cv-1401

12              Plaintiff,               **NOTICE OF REMOVAL OF CIVIL
                                         ACTION**
13       vs.

14  AMTRAK USA, A Business Entity        Action Filed:   April 2, 2019
    Form Unknown, COACH USA, A           Trial Date:     None Set
15  Nevada Corporation, THRUWAY,
    INC. A California Corporation,
16  GREYHOUND LINES, INC. A
    Delaware Corporation, and DOES 1
17  through 50, inclusive,

18              Defendants.

19

20

21       **NOTICE OF REMOVAL OF CIVIL ACTION TO PLAINTIFF, HIS**

22  **ATTORNEYS OF RECORD, AND THE CLERK OF THE UNITED STATES**

23  **COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

24       PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441, and

25  1446, Defendant, GREYHOUND LINES, INC. (Greyhound), hereby removes this

26  action from the Superior Court of California, County of Los Angeles, to the United

27  States Central District Court of California, for the Eastern Division.

28  ///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## I.   FEDERAL QUESTIONS JURISDICTION

1.   Plaintiff asserts claims against Defendant arising under United States laws, specifically Title III of the Americans with Disabilities Act (42 U.S.C. § 12182 et seq.).  Therefore, this Court possesses original jurisdiction under 28 U.S.C. § 1331. (See **Exhibit A,** Section 5 "FIRST CLAIM – Americans with Disabilities Act of 1990)

2.   Removal is proper pursuant to 28 U.S.C. § 1441(a) because this is a civil action in which the United States District Court possesses original jurisdiction founded upon a claim arising under the Constitution, treaties, or laws of the United States without regard to the citizenship or residence of the parties.

3.   The remaining claims or causes of action in the Complaint are subject to this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) because they are so related to the Plaintiff's claims relating to Title III of the Americans with Disabilities Act that they form part of the same case or controversy under Article III of the United States Constitution.

## II.   VENUE

4.   The actions complained of within Plaintiff's Complaint allegedly took place within the jurisdiction of this Court, as the events allegedly occurred in Barstow, California within the San Bernardino County.  As such, venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(1), 1391 and 1446.

## III.   STATUS OF THE PLEADINGS AND STATE COURT PROCEEDINGS

5.   On May 29, 2020, Plaintiff Daniel Delgado ("Plaintiff"), by and through his attorney of record, filed a civil action on the Superior Court of the State of California in and for the County of San Bernardin0, entitled *DANIEL DELGADO, Plaintiff v. AMTRAK USA, A Business Entity Form Unknown, COACH USE, A Nevada Corporation, THRUWAY, INC. A California Corporation, GREYHOUND LINES, INC. A Delaware Corporation, and DOES 1 through 50, inclusive, Defendants,* Case No. CIV DS 2008851.  A true and correct copy of the Complaint

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4847-3631-8146.1                                          2
DEFENDANT , ORANGE COUNTY TRANSPORTATION AUTHORITY'S NOTICE OF REMOVAL OF CIVIL
ACTION

1   is attached to this Notice of Removal as **Exhibit A.**

2       6.      On or about June 15, 2020, Plaintiff's Complaint was served via

3   process server on CT Corporation System.  A true and correct copy of the Summons

4   is attached as **Exhibit B**.  A responsive pleading has not yet been filed by

5   Greyhound.

6       7.      Pursuant to 28 U.S.C. § 1446(a) attached hereto as **Exhibit C**, are

7   copies of all other state court filings, which constitute all process, pleadings, and

8   orders in this matter.

9       8.      Pursuant to 28 U.S.C. § 1446(d), attached hereto as **Exhibit D** is a true

10  and accurate copy (without attachments) of the written notice of the Notice of

11  Removal, which shall be served upon Plaintiff's counsel and filed with the Clerk of

12  the San Bernardino Superior Court simultaneously with this filing.

13  **IV.    TIMELINESS**

14      9.      This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is

15  being filed within 30 days after service.

16  **V.    CONSENT OF DEFENDANTS**

17      10.     Based on information and belief, Co-Defendant COACH USA has been

18  served with the Summons and Complaint.  Co-Defendant COACH USA joins in and

19  consents to removal under 28 U.S.C. § 1446(b)(2)(A).  See **Exhibit E**.

20      11.     Based on information and belief, the remaining Co-Defendants,

21  AMTRAK USA and THRUWAY, INC have not been served with the Summons

22  and Complaint and therefore do not need to consent to removal under 28 U.S.C. §

23  1446(b)(2)(A).

24          WHEREFORE, the proceeding paragraphs establishing that the Court has

25  original jurisdiction over this action pursuant to 28 U.S.C. § 1331, defendant

26  respectfully gives notice that the action pending in the Superior Court of the State of

27  California in and for the County of San Bernardino and captioned *DANIEL*

28  *DELGADO, Plaintiff v. AMTRAK USA, A Business Entity Form Unknown, COACH*



**LEWIS**
**BRISBOIS**
**BISGAARD**
**& SMITH LLP**
ATTORNEYS AT LAW

1    *USE, A Nevada Corporation, THRUWAY, INC. A California Corporation,*

2    *GREYHOUND LINES, INC. A Delaware Corporation, and DOES 1 through 50,*

3    *inclusive, Defendants,* Case No. CIV DS 2008851, is removed to the United States

4    Central District Court, for the Eastern Division.

5

6    DATED:  July 15, 2020            LEWIS BRISBOIS BISGAARD & SMITH LLP

7

8

9                                By: _____

10                                    ESTHER P. HOLM
                                     RYAN J. ANDERSON
11                                    Attorneys for Defendant, ORANGE
                                     COUNTY TRANSPORTATION
12                                    AUTHORITY

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



4847-3631-8146.1                          4

DEFENDANT , ORANGE COUNTY TRANSPORTATION AUTHORITY'S NOTICE OF REMOVAL OF CIVIL
ACTION

**EXHIBIT A**

1   H. Ty Kharazi, Esq. SBN 187894
    **YARRA LAW GROUP**
2   2000 Fresno Street, Suite 300
    Fresno, CA 93721
3   Telephone: (559) 441-1214
    Facsimile: (559) 441-1215
4
5   Attorneys for Plaintiff,

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAY 29 2020

BY _____
DEILONZO BOARD, DEPUTY

6

7               SUPERIOR COURT OF THE STATE OF CALIFORNIA
8                IN AND FOR THE COUNTY OF SAN BERNARDINO
9

10  DANIEL DELGADO,                          Case No. **CIV DS  2 0 0 8 6 5 1**

11              Plaintiff,                    *Civil Unlimited*

12      v.                                    **COMPLAINT ASSERTING DENIAL
                                              OF RIGHT OF ACCESS UNDER THE**
13  AMTRAK USA, A Business Entity Form        **AMERICANS WITH DISABILITIES**
    Unknown, COACH USA, A Nevada             **ACT; REQUEST FOR INJUNCTIVE**
14  Corporation, THRUWAY, INC. A              **RELIEF, DAMAGES, ATTORNEYS'**
    California Corporation, GREYHOUND         **FEES AND COSTS (ADA);**
15  LINES, INC. A Delaware Corporation, and   **INTENTIONAL INFLICTION OF**
16  DOES 1 through 50, inclusive,            **EMOTIONAL DISTRESS AS TO DOE 1
                                              ONLY.**
17              Defendants.

18

19

20      COMES NOW Plaintiff DANIEL DELGADO and alleges the following against Defendants.

21                              **I.  PARTIES**

22  1.    Plaintiff Daniel Delgado is a resident of County of Fresno. He is a paraplegic.

23  2.    Defendant AMTRAK USA, is a business entity form unknow. AMTRAK provides rail

24  service throughout United States, for transportation of people and their cargo.

25  2.    COACH USA, is a Nevada Corporation which is believed to have subcontracted to provide

26  bus service for AMTRAK where there is no rail service.

27

28

MAY/12/2020/TUE 09:50 AM                          FAX No.                              P. 006

3.     THRUWAY, INC. , is a California Corporation which is believed to have subcontracted to provide ticketing service for AMTRAK.

4.     GREYHOUND LINES, is a Delaware Corporation which is believed to have subcontracted to provide bus service for AMTRAK where there is no rail service. It is believed and thereon alleged that GREYHOUND LINES may have subcontracted with COACH USA to provide bus service for the route which is the subject of this litigation.

5. .   DOE 1 is the driver of the bus who drove Plaintiff from Las Vegas, Nevada to Bakersfield, California, on June 10, 2019.

6.     The name, capacity and involvement of Defendants named DOES 2-50 are not known to Plaintiff. Plaintiff believes and there on alleges that these entities, individuals, and persons are either connected to, or are subsidiaries, sister companies or affiliates of each and every defendant herein.  It is further alleged that these DOE defendants are jointly and severally liable for the damages claimed herein.

7.     Defendants AMTRAK, COACH USA, GREYHOUND LINES, THRUWAY, INC. and DOES 1-50 are collectively referred to herein as DEFENDANTS, unless they are specifically named on a claim

## II. SUMMARY and JURISDICTION

8.     This is a civil rights action by plaintiff for discrimination by DEFENDANTS.

9.     The events complained of occurred on June 10, 2019 at the Barstow Terminal of the DEFENDANTS.

10.    The primary claims raised here are under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

11.    This court has supplemental jurisdiction for claims brought under parallel California law – arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

12.    Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

13.    Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and costs, against Defendants AMTRAK, COACH USA, GREYHOUND LINES, THRUWAY, INC.

14.    Defendants seeks punitive damages against DOE 1.

MAY/12/2020/TUE 09:50 AM                    FAX No.                    P. 007

### III.    VENUE

15.    All actions complained of herein take place within the jurisdiction of this Court as the events occurred in Barstow, California within the San Bernardino County.

16.    DEFENDANTS operated bus service which provided transportation from Las Vegas, Nevada to Bakersfield California to connected AMTRAK passengers to the rail service which routes include Bakersfield to Fresno, California.

### IV.    FACTS

17.    Plaintiff requires the use of a wheelchair when traveling about in public.  Consequently, Plaintiff is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

18.    The bus service provided by DEFENDANTS is a public accommodation facility, open to the public whose operation affects commerce.

19.    On June 10, 2019, Plaintiff boarded a bus to take him from Las Vegas to Bakersfield, wherein he was to board an AMTRAK train that brought him to Fresno. In order to board the bus, Plaintiff rolled his wheelchair on the bus's ramp and was elevated onto the bus. Once on the bus, the hoisted himself onto a seat, disassembled his wheelchair and remained seated. His wheelchair was then stored next to him because it was too wide to fit the isles on the bus.

20.    The bus had a "pit stop" in Barstow, California. When it arrived at the Barstow station, Plaintiff requested that he be allowed to disembark so that he could use the restroom. DOE 1, bus driver, refused to allow him to disembark, refused to allow him to use his wheelchair and refused to treat him the same as all able bodied passengers.

21.    When Plaintiff insisted that he had to use the bathroom, DOE 1 instructed him to use the "emergency toilet" provided on the bus. The emergency toilet does not have accessible toilet facilities, has no lift arm and it is not large enough for Plaintiff to use in his disabled condition.

22.    Plaintiff next asked DOE 1 for his wheelchair, DOE 1 refused. He told Plaintiff to crawl to the toilet. Having to have to relieve himself, Plaintiff crawl on the floor to reach the toilet on the bus.

MAY/12/2020/TUE 09:50 AM              FAX No.                          P. 008

23.     When Plaintiff reached the toilet, he crawled on to the floor which was soaked with urine. Because he has no control of his legs, Plaintiff had to lift himself onto the toilet using his upper body and arms, again, landing on urine left by others.

24.     While trying to use the toilet, his legs were left dangling outside the small toilet area and he could not close the door because the toilet was too small, he has no control of his legs and he could not pull them inside of the toilet area in order to close the door.

25.     ·When attempting to life his body, frontally on to the toilet, Plaintiff injured his shoulders.

26.     When he tried to relieve himself, he noticed another female passenger on the adjacent seat and could not do so. This occurred all along while the female passenger and the bus driver were looking on. The entire episode was videotaped.

27.     Because Plaintiff could not property used the toilet, he soiled himself and was forced to remain in that condition from Barstow, California until he arrived at him home in Fresno, California about 5 hours later.

28.     Plaintiff was, and continues to be, deterred from traveling with AMTRAK because Plaintiff knows that AMTRAK, COACH USA, GREYHOUND LINES, THRUWAY, INC. services, facilities, privileges, advantages, and accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities.

29.     Plaintiff enjoys the services offered by AMTRAK, COACH USA, GREYHOUND LINES, THRUWAY, INC., and will return to travelling through them once the barriers are removed.

30.     DEFENDANTS knew, or should have known, that these elements and areas of the were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, AMTRAK, COACH USA, GREYHOUND LINES, THRUWAY, INC. have the financial resources to remove these barriers (without much difficulty or expense), and make the bus service accessible to the physically disabled.

31.     At all relevant times, DEFENDANTS have possessed and enjoyed sufficient control and authority to modify the service to remove impediments to wheelchair access and to allow disabled

MAY/12/2020/TUE 09:50 AM                      FAX No.                          P. 009

1   passengers to disembark at the stops so that they can use the public restrooms like all other abled

2   bodied passengers did.

3   32.      Plaintiff further alleges that the (continued) presence of barriers by DEFENDANTS is so

4   obvious as to establish DEFENDANTS discriminatory intent.  On information and belief, Plaintiff

5   avers that evidence of this discriminatory intent includes DEFENDANTS' refusal to adhere to

6   relevant standards and/or basic human decency.

7   33.      It would have literally taken minutes to allow Plaintiff to disembark, use the restroom and

8   return to the bus just like all other passengers did.  That Plaintiff's disability was the only reason

9   was for DOE1 not allowing him disembark shows the discriminatory intent by the DEFENDANTS.

10  34.      Plaintiff further believes and thereon alleges that DOE1 and other bus drivers are

11  encouraged to disallow people with disability to disembark from the buses because the drivers are

12  told to maintain a strict schedule of departure and arrival without regard for the basic human

13  decency and biological needs.

### V.      FIRST CLAIM
### Americans with Disabilities Act of 1990
### Denial of "Full and Equal" Enjoyment and Use
### Against All DEFENDANTS

35.      Plaintiff incorporates the allegations contained in paragraphs 1 through 34 for this claim.

36.      Title III of the ADA holds as a "general rule" that no individual shall be discriminated

against on the basis of disability in the full and equal enjoyment (or use) of goods, services,

facilities, privileges, and accommodations offered by any person who owns, operates, or leases a

place of public accommodation.  42 U.S.C. § 12182(a).

37.      DEFENDANTS discriminated against Plaintiff by denying Plaintiff "full and equal

enjoyment" and use of the services, facilities, privileges, and accommodations of the rest stop

during each visit and each incident of deterrence.

38.      Here, Plaintiff alleges that DEFENDANTS can easily remove the barriers without much

difficulty or expense, and that DEFENDANTS violated the ADA by failing to remove those

barriers, when it was readily achievable to do so.

39.      In the alternative if it was not "readily achievable" for Defendants to remove

1  the barriers, then Defendants violated the ADA by failing to make the required services available

2  through alternative methods, which are readily achievable.

3  <center>Failure to Make an Altered Facility Accessible</center>

4  40.    The ADA also requires that services to be provided to enhance their usability so that they

5  are made readily accessible to individuals with disabilities to the maximum extent feasible. 42

6  U.S.C. § 12183(a)(2). In this case, it would include allowing disabled passengers to disembark to

7  use the rest room which literally will not cost anything.

8  <center>Failure to Modify Existing Policies and Procedures</center>

9  41.    The ADA also requires reasonable modifications in policies, practices, or procedures, when

10  necessary to afford such services, facilities, or accommodations to individuals with disabilities,

11  unless the entity can demonstrate that making such modifications would fundamentally alter their

12  nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

13  42    Here, Defendants violated the ADA by failing to make reasonable modifications in policies,

14  practices, or procedures at the Facility when these modifications were necessary to afford (and

15  would not fundamentally alter the nature of) these services, facilities, or accommodations.

16  43.    Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs,

17  legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

18  44.    Plaintiff seeks a finding from this Court (i.e., declaratory relief) that Defendants violated the

19  ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons

20  Act.

21  <center>VI.    SECOND CLAIM<br>Unruh Civil Rights Act<br>Against All DEFENDANTS</center>

23  45.    Plaintiff incorporates the allegations contained in paragraphs 1 through 44 for this claim.

24  46.    California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this

25  state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services

26  in all business establishments of every kind whatsoever.

27  47.    California Civil Code § 51.5 also states, in part that: No business establishment of any kind

28  whatsoever shall discriminate against any person in this state because of the disability of the person.

48.     California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

49.     Defendants' aforementioned acts and omissions denied the physically disabled public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges, and services in a business establishment (because of their physical disability).

50.     These acts and omissions (including the ones that violate the ADA) denied, aided, or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

51.     Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense. Plaintiff also seeks compensatory and special damages for his physical injuries and general damages for pain and suffering.

52.     Plaintiff further seeks to enjoin Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## VII. THIRD CLAIM
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
#### Against DOE1 ONLY

53.     Plaintiff incorporates the allegations contained in paragraphs 1 through 52 for this claim.

55.     DOE 1, wantonly and intentionally refused to allow Plaintiff to disembark to use the restroom. The only reason for this refusal was Plaintiff's paraplegia.

56.     Instead of having compassion or even equal treatment for Plaintiff, DOE 1 caused Plaintiff to crawl on the floor, dip his hands and limbs on other people's urine, lift himself on to the toilet and try to relieve himself in the open because the door to the toilet could not be closed due to Plaintiff's inability to pull his legs in.

57.     The conduct described above is despicable and violate basic human decency.  They should not be allowed in a civilized society.

58.     Because of the foregoing acts and resulting damages, Plaintiff suffers from serious and severe emotional distress.

59.    The conduct of DOE 1 was so extreme and outrageous that Plaintiff is seeking an award of the punitive damages to deter DOE 1 for ever treating a disabled person in the same manner and style.

## VIII.   FOURTH CLAIM
## NEGLIGENCE
### Against AMTRAK, COACH USA, GREYHOUND LINES, THRUWAY, INC.

60.    Plaintiff incorporates the allegations contained in paragraphs 1 through 52 for this claim.

61.    Defendants AMTRAK, COACH USA, GREYHOUND LINES, THRUWAY, INC. are common carrier within the meaning of Civil Code §2168.  Common carriers must carry passengers safely. Common carriers must use the highest care and the vigilance of a very cautious person. They must do all that human care, vigilance, and foresight reasonably can do under the circumstances to avoid harm to passengers.  While a common carrier does not guarantee the safety of its passengers, it must use reasonable skill to provide everything necessary for safe transportation, in view of the transportation used and the practical operation of the business.

62.    AMTRAK, COACH USA, GREYHOUND LINES, THRUWAY, INC. have failed to adequately train and/or supervise their employee drivers to act in accordance with ADA and/or basic human decency.  To that end, they have failed their obligation under California law to provide safe transport of the public.

62.    These Defendants' desire and goal to adhere to a schedule has overtaken their duty to care for their passenger's health and safety. The safety of the passengers should never be sacrificed for the sake of timely transport.

56.    Instead of having compassion or even equal treatment for Plaintiff, AMTRAK, COACH USA, GREYHOUND LINES, THRUWAY, INC. breached their duty of care for Plaintiff by not providing a safe, comfortable, and humane method of transportation.

MAY/12/2020/TUE 09:51 AM          FAX No.                          P. 013

57.     The lack of training, advice, and supervision of DOE 1 by these defendants was the direct and proximate cause of Plaintiff's damages.

### IX.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against DEFENDANTS, and each of them, for:

1.     Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.     Declaratory relief that Defendants violated the ADA for the purposes of Unruh Act damages.

3.     Statutory minimum damages under section 52(a) of the California Civil Code according to proof.

4.     Special and general damages according to proof.

5.     Punitive damages against DOE 1.

4.     Attorneys' fees, litigation expense, and costs of suit.[1]

5.     Interest at the legal rate from the date of the filing of this action.

6.     For such other and further relief as the Court deems proper.

Dated: May _11_, 2020                    Respectfully submitted,

                                          YARRA LAW GROUP

                                          H. Ty Kharazi, Attorney for Plaintiff,

---

[1] This includes attorneys' fees under California Code of Civil Procedure § 1021.5. No attorneys fees is sought for IIED and billing is kept separate.

MAY/12/2020/TUE 09:52 AM        FAX No.                    P. 014

1

2

## VERIFICATION

3

STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO

4

    I have read the foregoing **VERIFIED COMPLAINT**; and know its contents.

5

6

    I am a party to this action. The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief and, as to those matters, I believe them to be true.

7

8

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

9

10

    Executed this _11th_ day of May 2020 at Fresno, California.

11

12

DANIEL DELGADO

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VERIFICATION

**<u>EXHIBIT B</u>**

 **CT Corporation**

**Service of Process Transmittal**
06/15/2020
CT Log Number 537788945

TO:   LYNETTE OBREGON
       FIRSTGROUP AMERICA, INC.
       2221 E LAMAR BLVD STE 500
       ARLINGTON, TX 76006-7447

RE:   **Process Served in California**

FOR:   Greyhound Lines, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Daniel Delgado, Pltf. vs. Amtrak USA, etc., et al., Dfts. // To: Greyhound Lines, Inc. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # CIVDS2008851 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/15/2020 at 10:51 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **REMARKS:** | The document(s) received have been modified to reflect the name of the entity being served. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/15/2020, Expected Purge Date: 06/20/2020<br><br>Image SOP<br><br>Email Notification,  Andrew Pugh  Andreww.Pugh@firstgroup.com<br><br>Email Notification,  LYNETTE OBREGON  lynette_obregon@gbtpa.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| **For Questions:** | 866-331-2303<br>CentralTeam1@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

MAY/12/2020/TUE 09:49 AM                    FAX No.                        P. 004

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAY 29 2020

BY _____
DEILONZO BOARD, DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* AMTRAK USA, A Business Entity
Form Unknown, COACH USA, a Nevada Corporation,
THRUWAY, INC., a California Corporation, GREYHOUND
LINES, INC., a Delaware Corporation, and DOES 1
through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DANIEL DELGADO

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER** *(Número del Caso):* **CIV DS 2008851**

SAN BERNARDINO SUPERIOR COURT
247 WEST THIRD STREET
SAN BERNARDINO, CA 92415

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
H. TY KHARAZI, SBN 187894   YARRA LAW GROUP
2000 FRESNO ST., STE. 300 (559) 441-1214
FRESNO, CA 93721

DATE:
*(Fecha)* MAY 29 2020       Clerk, by **Deilonzo Board** , Deputy
                            *(Secretario)*                  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* GREYHOUND LINES, INC. A Delaware Corporation
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 6-15-20

[SEAL]

COPY

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

DELGADO, Daniel

**EXHIBIT C**

MAY/12/2020/TUE 09:48 AM                    FAX No.                                    P. 002

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| H. TY KHARAZI, SBN 187894<br>YARRA LAW GROUP<br>2000 FRESNO ST., STE. 300<br>FRESNO, CA 93721<br>TELEPHONE NO.: (559) 441-1214   FAX NO.: (559) 441-1215<br>ATTORNEY FOR *(Name):* DANIEL DELGADO, Plaintiff | **F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>**MAY 29 2020**<br><br>BY _____<br>DEILONZO BOARD, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 247 WEST THIRD STREET
MAILING ADDRESS: 247 WEST THIRD STREET
CITY AND ZIP CODE: SAN BERNARDINO, CA 92415
BRANCH NAME: CIVIL DIVISION

CASE NAME: DELGADO v AMTRAK

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: **CIV DS  2 0 0 8 6 5 1** |
|---|---|---|
| [X] Unlimited  [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [X] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties          d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel       e. [ ] Coordination with related actions pending in one or more courts
           issues that will be time-consuming to resolve                     in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence             f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):* 4
5. This case [ ] is  [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: MAY 11, 2020

H. TY KHARAZI _____          ► _____
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CEB** Essential<br>ceb.com Forms | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

DELGADO, Daniel

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach-Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case-Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ-Administrative Mandamus
  Writ-Mandamus on Limited Court Case Matter
  Writ-Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

DELGADO, Daniel

COUNTY OF SAN BERNARDINO SUPERIOR COURT
San Bernardino Justice Center
247 WEST THIRD STREET
San Bernardino, CA  92415-0210


**NOTICE**
CASE NO: CIVDS2008851


TITLE OF CASE: DELGADO-V-AMTRAK

CERTIFICATE OF ASSIGNMENT}
PLEASE SUBMIT A CERTIFICATE OF ASSIGNMENT AS IT IS REQUIRED FOR FILING


DATE: 06/03/20     Nancy Eberhardt, Court Executive Officer
                                              BY: DEILONZO BOARD
------------------------------------------------------------------
------------------------------------------------------------------
CERTIFICATE OF SERVICE BY MAIL

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address.I am not a party to this action
and on the date and place shown below,I served a copy of the above
listed notice by:
(  ) Enclosed in an envelope mailed to the interested party address
     above, for collection and mailing this date, following ordinary
     business practice.
(X) Enclosed in a sealed envelope, first class postage prepaid in the
     U.S. mail at the location shown above,mailed to the interested
     party and addressed as shown above, or as shown on the attached
     listing.             .


Executed on 06/03/20, at San Bernardino, California.

                              By: DEILONZO BOARD
                              _____
                                   Deputy Clerk

Notice 'FFNOT' has been printed for the following Attorneys/Firms
or Parties for Case Number CIVDS2008851 on  6/03/20:


    YARRA        LAW        GROUP
    2000 FRESNO ST STE. 300
    FRESNO, CA 93721

MAY/12/2020/TUE 09:52 AM                    FAX No.                        P. 017

**FW-003**  **Order on Court Fee Waiver**
            **(Superior Court)**

(1) **Person who asked the court to waive court fees:**
Name: DANIEL DELGADO, c/o YARRA LAW GROUP
Street or mailing address: 2000 FRESNO ST. STE. 300
City: FRESNO_____ State: CA. Zip: 93721

(2) **Lawyer, if person in (1) has one** *(name, firm name, address,*
*phone number, e-mail, and State Bar number):*
H. TY KHARAZI, SBN 187894
YARRA LAW GROUP
2000 FRESNO ST., STE. 300
FRESNO, CA 93721
559-441-1214

(3) A request to waive court fees was filed on *(date):* _____

☐ The court made a previous fee waiver order in this case on *(date):*
_____

*Read this form carefully. All checked boxes* ☑ *are court orders.*

Clerk stamps date here when form is filed.
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

**MAY 2 9 2020**

BY _____
   DEILONZO BOARD, DEPUTY

Fill in court name and street address:
Superior Court of California, County of
SAN BERNARDINO
247 WEST THIRD STREET
247 WEST THIRD STREET
SAN BERNARDINO, CA 92415
CIVIL DIVISION

Fill in case number and name:
Case Number: **CIVDS  2 0 0 8 8 5 1**

Case Name:
DELGADO v AMTRAK

**Notice:** The court may order you to answer questions about your finances and later order you to pay back the waived fees. If this happens and you do not pay, the court can make you pay the fees and also charge you collection fees. If there is a change in your financial circumstances during this case that increases your ability to pay fees and costs, you must notify the trial court within five days. (Use form FW-010.) If you win your case, the trial court may order the other side to pay the fees. If you settle your civil case for $10,000 or more, the trial court will have a lien on the settlement in the amount of the waived fees. The trial court may not dismiss the case until the lien is paid.

(4) After reviewing your:   ☒ *Request to Waive Court Fees*   ☐ *Request to Waive Additional Court Fees*
the court makes the following orders:

a. ☐ **The court grants your request, as follows:**

(1) ☐ **Fee Waiver.** The court grants your request and waives your court fees and costs listed below. *(Cal.*
*Rules of Court, rule 3.55 and 8.818.)* You do not have to pay the court fees for the following:
- Filing papers in superior court
- Making copies and certifying copies
- Sheriff's fee to give notice
- Reporter's fee for attendance at hearing or trial, if the court is not electronically recording the proceeding and you request that the court provide an official reporter
- Assessment for court investigations under Probate Code section 1513, 1826, or 1851
- Preparing, certifying, copying, and sending the clerk's transcript on appeal
- Holding in trust the deposit for a reporter's transcript on appeal under rule 8.130 or 8.834
- Making a transcript or copy of an official electronic recording under rule 8.835
- Court fee for phone hearing
- Giving notice and certificates
- Sending papers to another court department

(2) ☐ **Additional Fee Waiver.** The court grants your request and waives your additional superior court fees and costs that are checked below. *(Cal. Rules of Court, rule 3.56.)* You do not have to pay for the checked items.
☐ Jury fees and expenses
☐ Fees for court-appointed experts
☐ Other *(specify):* _____
☐ Fees for a peace officer to testify in court
☐ Court-appointed interpreter fees for a witness

Judicial Council of California, www.courts.ca.gov
Revised September 1, 2019, Mandatory Form
Government Code, § 68634(e)
Cal. Rules of Court, rule 3.52
**Order on Court Fee Waiver (Superior Court)**                    **FW-003, Page 1 of 3**

CEB° | Essential
ceb.com | Forms

DELGADO, Daniel

MAY/12/2020/TUE 09:53 AM          FAX No.                              P. 018

Your name: DANIEL DELGADO

| Case Number: |
|--------------|
|              |

b. ☐ The court **denies** your fee waiver request because:

> **Warning!** If you miss the deadline below, the court cannot process your request for hearing or the court papers you filed with your original request. If the papers were a notice of appeal, the appeal may be dismissed.

(1) ☐ Your request is incomplete. You have **10 days** after the clerk gives notice of this Order (see date of service on next page) to:
- Pay your fees and costs, or
- File a new revised request that includes the incomplete items listed:
  ☐ Below  ☐ On Attachment 4b(1)

_____
_____
_____
_____

(2) ☐ The information you provided on the request shows that you are not eligible for the fee waiver you requested for the reasons stated:    ☐ Below  ☐ On Attachment 4b(2)

_____
_____
_____
_____

The court has enclosed a blank *Request for Hearing About Court Fee Waiver Order (Superior Court)* (form FW-006). You have **10 days** after the clerk gives notice of this order (see date of service below) to:
- Pay your fees and costs in full or the amount listed in c below, or
- Ask for a hearing in order to show the court more information. *(Use form FW-006 to request hearing.)*

c. (1) ☐ The court needs more information to decide whether to grant your request. You must go to court on the date on page 3. The hearing will be about the questions regarding your eligibility that are stated:
   ☐ Below  ☐ On Attachment 4c(1)

_____
_____
_____
_____

(2) ☐ Bring the items of proof to support your request, if reasonably available, that are listed:
   ☐ Below  ☐ On Attachment 4c(2)

_____
_____
_____
_____
_____
_____

**This is a Court Order.**

MAY/12/2020/TUE 09:53 AM                    FAX No.                              P. 019

| Your name: | Case Number: |
|---|---|

Name and address of court if different from above:

**Hearing Date** → Date: _____ Time: _____

Dept.: _____ Room: _____

**Warning!** If item c(1) is checked, and you do not go to court on your hearing date, the judge will deny your request to waive court fees, and you will have 10 days to pay your fees. If you miss that deadline, the court cannot process the court papers you filed with your request. If the papers were a notice of appeal, the appeal may be dismissed.

Date: **MAY 2 9 2020**     Signature of (check one): ☐ Judicial Officer  ☒ Clerk, Deputy

## Request for Accommodations

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the hearing. Contact the clerk's office for *Request for Accommodations by Persons With Disabilities and Response* (form MC-410). (Civ. Code, § 54.8.)

## Clerk's Certificate of Service

I certify that I am not involved in this case and *(check one)*:

☐ I handed a copy of this Order to the party and attorney, if any, listed in ① and ②, at the court, on the date below.

☒ This order was mailed first class, postage paid, to the party and attorney, if any, at the addresses listed in ① and ②, from *(city)*: **SAN BERNARDINO**, California on the date below.

☐ A certificate of mailing is attached.

Date: **MAY 2 9 2020**

Clerk, by _____, Deputy

Name: **Deilonzo Board**

**This is a Court Order.**

Rev. September 1, 2019

CEB Essential Forms
ceb.com

**Order on Court Fee Waiver (Superior Court)**          FW-003, Page 3 of 3

DELGADO, Daniel

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO


San Bernardino District - Civil
247 West Third Street

San Bernardino, CA. 924150210
-----------------------------------------------------------------------------
-----------------------------------------------------------------------------
                              CASE NO: CIVDS2008851

                    NOTICE OF TRIAL SETTING CONFERENCE


IN RE: DELGADO-V-AMTRAK

THIS CASE HAS BEEN ASSIGNED TO: JANET M FRANGIE IN DEPARTMENT S29
FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for
Trial Setting Conference at the court located at 247 WEST THIRD STREET
San Bernardino, CA  92415-0210.

        HEARING DATE: 11/30/20 at  9:00 in Dept. S29

The Trial Setting Conference will be held in chambers without the
appearance of the parties -except for good cause shown. (see Emergency
Local Rule 411.1).

Parties shall file and serve no later than 15 days prior to the trial
setting conference the mandatory Initial Trial Setting Conference
Statement form (local for #13-09001-360) included with this notice.
Prior to the date of the initial trial setting conference, the court
may entertain a written stipulation by all appearing parties to con-
tinue the initial trial setting conference if filed at least 30 days
prior to the conference.

DATE: 06/03/20  Nancy Eberhardt, Court Executive Officer
                                      By: DEILONZO BOARD
-----------------------------------------------------------------------------
-----------------------------------------------------------------------------
                    CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
(X) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 06/03/20
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 06/03/20 at San Bernardino, CA

BY: DEILONZO BOARD

civ-ntsc-20130417

Notice 'NTSC' has been printed for the following Attorneys/Firms
or Parties for Case Number CIVDS2008851 on  6/03/20:


    YARRA        LAW        GROUP
    2000 FRESNO ST STE. 300
    FRESNO, CA 93721

**EXHIBIT D**

1 | **LEWIS BRISBOIS BISGAARD & SMITH LLP**
ESTHER P. HOLM, SB# 140279
2 |   E-Mail: Esther.Holm@lewisbrisbois.com
RYAN J. ANDERSON, SB# 279471
3 |   E-Mail: Ryan.Anderson@lewisbrisbois.com
650 Town Center Drive, Suite 1400
4 | Costa Mesa, California 92626
Telephone: 714.545.9200
5 | Facsimile: 714.850.1030

6 | Attorneys for Defendant GREYHOUND LINES,
INC.
7 |

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF SAN BERNARDINO

10 |

11 | DANIEL DELGADO,                          Case No. CIV DS2008851

12 |             Plaintiff,                   **NOTICE TO CLERK AND TO ADVERSE PARTY RE: REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

13 |        vs.

14 | AMTRAK USA, A Business Entity Form        Trial Date:        None Set
Unknown, COACH USA, A Nevada
15 | Corporation, THRUWAY, INC. A California
Corporation, GREYHOUND LINES, INC. A
16 | Delaware Corporation, and DOES 1 through
50, inclusive,
17 |

18 |             Defendants.

19 |        TO THE CLERK OF THIS HONORABLE COURT AND TO THE ADVERSE PARTY:

20 |        PLEASE TAKE NOTICE that on July 15, 2020, under the provisions of 28 U.S.C. § 1446(d),

21 | Defendant GREYHOUND LINES, INC. filed with the Clerk of the Court at the United States

22 | District Court, Central District of California, Eastern Division, the attached Notice of Removal and

23 | supporting papers to accomplish the removal of the action pending in the Superior Court of the State

24 | of California, in and for the County of San Bernardino, entitled *Daniel Delgado v. Amtrak USA, A*

25 | *Business Entity Form Unknown, COACH USA, A Nevada Corporation, THRUWAY, INC. A*

26 | *California Corporation, GREYHOUND LINES, INC. A Delaware Corporation, and DOES 1*

27 | *through 50, inclusive,*, San Bernardino County Superior Court, Case No. CIV DS2008851, to the

28 | United States District Court, Central District of California, Eastern Division.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4822-9995-6163.1

NOTICE TO CLERK AND TO ADVERSE PARTY RE: REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1    Under 28 U.S.C. §§ 1331, 1441, and 1446, and Federal Rules of Civil Procedure, Rule 81(c),

2    this action will now be placed on the docket of the aforementioned District Court for all further

3    proceedings.

4

5    DATED:  July 15, 2020                    LEWIS BRISBOIS BISGAARD & SMITH LLP

6

7                                            By:   _____

8                                                  ESTHER P. HOLM
                                                   RYAN J. ANDERSON
9                                                  Attorneys for Defendant GREYHOUND LINES,
                                                   INC.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



4822-9995-6163.1                              2
NOTICE TO CLERK AND TO ADVERSE PARTY RE: REMOVAL OF CIVIL ACTION TO FEDERAL COURT

**EXHIBIT E**

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ESTHER P. HOLM, SB# 140279
  E-Mail: Esther.Holm@lewisbrisbois.com
RYAN J. ANDERSON, SB# 279471
  E-Mail: Ryan.Anderson@lewisbrisbois.com
650 Town Center Drive, Suite 1400
Costa Mesa, California 92626
Telephone: 714.545.9200
Facsimile: 714.850.1030

Attorneys for Defendant GREYHOUND
LINES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| DANIEL DELGADO,<br><br>        Plaintiff,<br><br>        vs.<br><br>AMTRAK USA, A Business Entity Form Unknown, COACH USA, A Nevada Corporation, THRUWAY, INC. A California Corporation, GREYHOUND LINES, INC. A Delaware Corporation, and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No.<br><br>**DEFENDANT COACH USA'S NOTICE OF CONSENT TO REMOVAL**<br><br>Trial Date:     None Set |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**TO ALL PARTIES AND THE HONORABLE COURT:**

**PLEASE TAKE NOTICE** that Defendant COACH USA consents to the removal of the above-entitled action from the San Bernardino Superior Court to the United States District Court for the Central District of California.

DATED:  July 15, 2020                    WILLIAMSON LAW GROUP

By: _____

JACK WILLIAMSON
CONNIE BENSON
Attorneys for Defendant COACH USA

LEWIS
BRISBOIS

**FEDERAL COURT PROOF OF SERVICE**

Daniel Delgado v. Amtrak, et al

STATE OF CALIFORNIA, COUNTY OF ORANGE

At the time of service, I was over 18 years of age and not a party to the action. My business address is 650 Town Center Drive, Suite 1400, Costa Mesa, CA 92626. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On July 15, 2020, I served the following document(s):  NOTICE OF REMOVAL OF CIVIL ACTION

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| | |
|---|---|
| H. Ty Kharazi, Esq.<br>YARRA LAW GROUP<br>2000 Fresno Street, Ste. 300<br>Fresno, CA 93721 | Attorneys for Plaintiff Daniel Delgado<br><br>Tel: 559-441-1214<br>Fax: 559-441-1215 |
| John "Jack" Williamson<br>Connie L. Benson, Esq.<br>WILLIAMSON LAW<br>GROUP<br>Xerox Centre<br>1851 East 1st Street<br>Suite 1225<br>Santa Ana CA 92705 | Attorneys for Coach USA<br>Receptionist: 657.229.7400<br><br>Direct: 657.229.7403<br>Fax: 657.229.7444<br><br>Email: jwilliamson@williamsonlawgroup.net<br>Mobile: 714.504.4464<br><br>Email: cbenson@williamsonlawgroup.net<br>Mobil: (714) 328-9755 |

The documents were served by the following means:

(BY U.S. MAIL)  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on July 15, 2020, at Costa Mesa, California.

_____
Cheri Grant

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4847-3631-8146.1

1

DEFENDANT , ORANGE COUNTY TRANSPORTATION AUTHORITY'S NOTICE OF REMOVAL OF CIVIL ACTION